DECISION
A trial was convened August 19, 2008, in Salem, Oregon. Brian M. Thompson, Attorney at Law, represented Plaintiffs. Testifying as witnesses were Mette A. Jensen, Plaintiff; Benjamin F. Smith, Certified Public Accountant; and Jerome Stahl (Stahl), Appraiser. Kevin Cole, Auditor, appeared for Defendant.
At issue is whether Plaintiffs are allowed a charitable contribution deduction of $20,061 for tax year 2004.
 I. STATEMENT OF FACTS
In 1998, Plaintiffs acquired a parcel of land and a residential structure located at 87010 Muirland Drive in Veneta, Oregon. It was described by Plaintiffs as a "Guest House" and identified as Account 0746162. It was rented by the same tenant from February 1999 through February of 2004. On February 2, 2004, it was donated to Lane County Fire District #1 in Veneta. The gift was formally accepted in writing by the fire district on that same date. (Ptfs' Ex 5.) They destroyed it by burning in a training exercise in March of 2004. *Page 2 
Prior to the burning, appraiser Stahl inspected the subject property on February 26, 2004. He determined it was in fully functional condition and in rentable condition. (Aff of Jerome Stahl at 2.) He did not prepare a formal written appraisal report at that time, but later did complete page two of Internal Revenue Service (IRS) Form 8283. (Id.) He stated that page one of that form had been completed by someone else at an earlier time. (Id.) He listed a $50,000 appraised market value on page two. Pts' Ex 8 at 2.)
Stahl did not prepare and sign a formal written appraisal report until March 23, 2007. He stated that "this report was prepared from my notes and records at the request of my client." (Affidavit of Jerome Stahl at 2.) He described it as a post-dated report; it concluded a $52,242 structure value via a cost approach. (Ptfs' Ex 9 at 4.) A second appraisal report was signed on April 24, 2008; it concluded a $50,000 structure value relying on a sales comparison approach. (Ptfs' Ex 10 at 2.) Plaintiff Jensen testified she first received an appraisal document "during the audit" examination.
Plaintiffs timely filed their Federal Form 1040 and Oregon Form 40. Attached to the federal return was Form 8283. The donee did not sign Form 8283. An appraisal summary was not attached.
 II. ANALYSIS
To receive the charitable contribution deduction, Plaintiffs must satisfy several rigorous requirements. *Page 3 
IRC section 170(a)(1)[1] states that:
 "There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."
(Emphasis added.)
The applicable regulations are found at Treasury Regulations section1.170A-13(c). Treasury Regulations section 1.170A-13(c)(1) requires substantiation of contributions exceeding $5,000. The substantiation requirements set forth in Treasury Regulations section 1.170A-13(c)(2)(i) provide that
 "a donor who claims or reports a deduction with respect to a charitable contribution to which this paragraph (c) applies must comply with the following three requirements:
 "(A) Obtain a qualified appraisal (as defined in paragraph (c)(3) of this section) * * *.
 "(B) Attach a fully completed appraisal summary (as defined in paragraph (c)(4) of this section) to the tax return * * * on which the deduction for the contribution is first claimed (or reported) by the donor.
 "(C) Maintain records containing the information required by paragraph (b)(2)(ii) of this section."
(Emphasis added.)
"Qualified appraisal" is defined in Treas. Reg. section1.170A-13(c)(3)(i) as "an appraisal document that
 "(A) Relates to an appraisal that is made not earlier than 60 days prior to the date of contribution of the appraised property nor later than the date specified in paragraph (c)(3)(iv)(B) of this section [the due date of the return on which the deduction is first claimed]; *Page 4 
 "(B) Is prepared, signed, and dated by a qualified appraiser (within the meaning of paragraph (c)(5) of this section);
 "(C) Includes the information required by paragraph (c)(3)(ii) of this section; and
 "(D) Does not involve an appraisal fee prohibited by paragraph (c)(6) of this section."
(Emphasis added.)
In this case, a summary document was not attached because a written report had not yet been prepared. Those reports did not exist until years later.
Plaintiffs' trial memorandum raises the issue of "substantial compliance" with the federal reporting requirements.
Initially, the United States Tax Court initially stated "that the reporting requirements of section 1.70A-13, Income Tax Regs., [were] directory and not mandatory," and therefore that those requirements could be met by "substantial compliance." Bond v. Commissioner, 100 TC 32, 41
(1993).
Later, the Court clarified part of the Bond language and strongly constrained the notion of substantial compliance: "In this connection, we note that the appraisal requirements may not be entirely procedural so asto justify the application of the substantial compliance rules under anyand all circumstances." Hewitt v. CIR, 109 TC 258, 263-64 (1997), aff'd
166 F3d 332 (1998) (emphasis added). The court found that: "nothing inBond v. Commissioner, supra, relieves petitioners of the requirement of obtaining a qualified appraisal. Such a requirement is statutorily imposed by section 155(a)(1)(A) * * * [of the Tax Reform Act of 1984 Pub.L. No. 98-369, § 155, 98 Stat. 494, 691 (1984)]." (Id. at 64.) *Page 5 
In its review of Hewitt, the 4th Circuit Court of Appeals concluded that "Bond does not suggest that a taxpayer who completely fails to observe the appraisal regulations has substantially complied with them."Hewitt v. Comm'r, 166 F3d 332, WL 802042 at 3 (4th Cir 1998) (unpub'd op).
The clear requirement is for an appraisal to be obtained and prepared, not just that a physical inspection be made. An appraisal is not "obtained" without a written summary or report prepared at or near the time of inspection; merely expressing a stated conclusion of value is insufficient.
Plaintiffs rely on the case of Gradin v. Department of Revenue (Gradin), TC-MD No 050026C, WL3047248 (Nov 10, 2005). Plaintiffs interpret Gradin
to allow them to prevail in this appeal. In Gradin, this court acknowledged the U.S. Tax Court's holdings that "the appraisal requirement is mandatory" and held that Plaintiffs were not "entitled to the disputed section 170(a)(1) non-cash charitable contribution deduction, because they failed to obtain a qualified appraisal and did not substantially comply with the regulations." Gradin, WL3047248 at *3, 7.
In a more recent Oregon case, Diess v. Department of Revenue, there was no appraiser involved until much later and Form 8283 was not attached to the original return. Diess, TC-MD No 070024D (Feb15, 2008). The court held "[b]ecause the appraisal was not completed within the time limits set forth in the regulation, the court cannot reach the value issue" of the burned structure. Id. at 8. No deduction was allowed. The court cited Gradin and stated "[t]he court did not hold that "an actual inspection of the property by a qualified appraiser' can substitute for an appraisal report made within the required time periods." (Id. at 6). That mirrors the situation herein. *Page 6 
Failure to obtain a qualified written appraisal results in a disallowance of the claimed charitable deduction. Here, a physical inspection of the property was observed by a qualified appraiser; he concluded a definite value. What was lacking, in a timely fashion, was a written appraisal report and a properly executed Form 8283. That is fatal to Plaintiffs' claim for the 2004 tax year.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that this appeal is denied.
Dated this day of March 2009.
JEFFREY S. MATTSON
Magistrate
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on March 6,2009. The Court filed and entered this document on March 6, 2009.
[1] Unless otherwise noted, all references to the Internal Revenue Code (IRC) and Treasury Regulations are to year 2004.